# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Rayneka Williamson,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 17-1051 (CKK)** |
| **Shannon Thompson,** | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia against an employee of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), which is a federal agency. *See* D.C. Code § 24-133(a) (establishing CSOSA "within the executive branch of the Federal Government"). Plaintiff seeks $1 billion in money damages. *See* Compl. [Dkt. # 1-1 at 2].

Pending is Defendant's Motion to Substitute Defendants and to Dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 4]. In an order issued on June 13, 2017, plaintiff was directed to respond to defendant's motion by July 10, 2017, or face possible dismissal of the case. *See* Order [Dkt. # 5]. Plaintiff has neither complied with the order nor requested additional time to file a response. Consistent with the advisements in the order, the Court finds that plaintiff has conceded defendant's arguments for dismissal and, for the reasons explained below, agrees that dismissal is warranted under Rule 12(b)(1) for lack of subject matter jurisdiction.

In support of substitution, the Civil Division Chief of the United States Attorney's Office for the District of Columbia has properly certified pursuant to 28 U.S.C. § 2679(d) that the

defendant, Shannon Thompson, was acting within the scope of her employment at the relevant time.  *See* Certification [Dkt. 4-1].  Plaintiff has not objected; therefore, the United States is substituted as the defendant and this case is governed by the Federal Tort Claims Act ("FTCA").  *See id*. § 2679(d)(1)(4).  The United States argues that dismissal is warranted because plaintiff has failed to pursue, let alone exhaust, her administrative remedies under the FTCA.  *See* Def.'s Mem. at 7-8 (citing Decl. of Willis Stamps [Dkt. 4-2]).  By not responding in any way to the motion, plaintiff has conceded this valid argument.  *See* June 13, 2017 Order at 1 (citing *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004)).

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed."  *United States v. Nordic Village, Inc*., 503 U.S. 30, 33-34 (1992) (citation and internal quotation marks omitted).  The FTCA waives the United States' immunity under limited circumstances.  It states: "[a]n action shall not be instituted [under the FTCA] unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or unless the agency has failed to render a "final disposition of a claim within six months after it is filed," which then is "deemed a final denial of the claim[.]"  28 U.S.C. § 2675(a).  It is established in this circuit that an FTCA claim not previously presented to the appropriate agency is barred on "jurisdictional" grounds.  *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (citation and internal quotation marks omitted); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) ("This court and the other courts of appeals

have treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional.") (citation omitted).  And "[w]ith the case in this posture, the court could no more rule in favor of the government than against it." *Simpkins*, 108 F.3d at 371.  Accordingly, the Court will grant defendant's motion to dismiss for want of jurisdiction and will dismiss the case without prejudice.  A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated:  November 2, 2017